

DOT067747



MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Case:2:14-cv-12012 |
|---|---|

**Name** (under which you were convicted):

Kelvin wayne Heath

Judge: Friedman, Bernard A.
MJ: Morris, Patricia T.
Filed: 05-19-2014 At 01:57 PM
HC HEATH V PERRY (EB)

**Place of Confinement:** Newberry Correctional Facility
**Prisoner No.:** 199603

**Petitioner** (include the name under which you were convicted)

Kelvin wayne Heath

**Respondent** (authorized person having custody of petitioner)

Mitch Perry

v.

The Attorney General of the State of **Michigan**

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Kent County Circuit court  180 Ottawa Ave. N.W. Grand Rapids, Michigan 49503

   (b) Criminal docket or case number (if you know): 11-11911-FH And 11-11910-FH

2. (a) Date of the judgment of conviction (if you know): 4-25-12

   (b) Date of sentencing: 5-16-12

3. Length of sentence: 8, years to 20, years

4. In this case, were you convicted on more than one count or of more than one crime?

   ☑ Yes          ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: unarmed robbery 2, counts and impersonation of Peace officer

6. (a) What was your plea? (Check one)

   ☑ Not guilty          ☐ Nolo contendere (no contest)

   ☐ Guilty          ☐ Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

MIED (Rev. 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

    (c) If you went to trial, what kind of trial did you have? (Check one)

       ☑ Jury        ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

       ☑ Yes        ☐ No

8.  Did you appeal from the judgment of conviction?

       ☑ Yes        ☐ No

9.  If you did appeal, answer the following:

    (a) Name of court: Michigan Court of Appeals

    (b) Docket or case number (if you know): 310897

    (c) Result: Affirmed

    (d) Date of result (if you know): 8-20-2013

    (e) Citation to the case (if you know): unPublished

    (f) Grounds raised: ① inadmissable testimony ② wrongful point variables added ③ Ineffective counsel ④ Prosecutor misconduct ⑤ unfair Jury selected

    (g) Did you seek further review by a higher state court?   ☑ Yes      ☐ No

      If yes, answer the following:

      (1) Name of court: Michigan Supreme Court

      (2) Docket or case number (if you know): 147713

      (3) Result: Not Persuaded that questions Presented should be reviewed by this Court.?

      (4) Date of result (if you know): 12-23-13

      (5) Citation to the case (if you know): unPublished

      (6) Grounds raised: Same- ① inadmissable testimony ② wrongful Point variables added ③ Ineffective counsel ④ Prosecutor misconduct ⑤ unfair selected Jury

    (h) Did you file a petition for certiorari in the United States Supreme Court?

      ☐ Yes        ☑ No

      If yes, answer the following: N/A

      (1) Docket or case number (if you know): N/A

      (2) Result: _____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know): _____

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules concerning this judgment of conviction in any state court?     ☑ Yes          ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: Kent County Circuit Court

(2) Docket or case number (if you know): 11-11910-FH & 11-11911-FH

(3) Date of filing (if you know): 1-28-14

(4) Nature of the proceeding: "Motion For Relief From Judgement"

(5) Grounds raised: Violation of Sixth Amendment right to Confront witnesses against me; ineffective assistance of trial Counsel for Failing to object to improper scoring of offense variable (OV) 10, and (OV) 19, ineffective counsel for Failing to subpoena witnesses as I suggested and Failure to discuss trial strategy; Prosecutor Misconduct for intentionally offering Preliminary examination testimony rather than live testimony to avoid the live testimony of a Problem witness

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☐ Yes        ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☐ Yes        ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

MIED (Rev. 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _N/A_____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?          ☐ Yes          ☑ No

(7) Result: _N/A_____

(8) Date of result (if you know): _N/A_____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition,

application, or motion?

(1) First petition:          ☐ Yes          ☐ No

(2) Second petition:          ☐ Yes          ☐ No

(3) Third petition:          ☐ Yes          ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four
grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail
to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a
later date.

GROUND ONE: _inadmissable testimony from Preleminary hearing
was used against me without Prosecutors using
due diligence to get witness/victim Mr. Isaacson_

4

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Jury was not afforded opportunity to Judge Isaacson, Prosecutor did not seek attendence of Victim/Witness Mr. Isaacson. Judge did not uphold Prosecutor to do due diligence, or give Proper law to allow this statement to be read to Jury. Coupled with the fact I am innocent of unarmed Robbery, nor was elements of robbery satisfied

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☑ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?      ☑ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: motion For Relief From Judgement

Type of motion or petition: ~~Petition for Relief From Conviction~~

Name and location of the court where the motion or petition was filed: Kent County Circuit Court 180 Ottawa Ave. N.W. G.R. MI

Docket or case number (if you know): 111911-FH  And  111910-FH

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?      ☐ Yes      ☑ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes      ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

MIED (Rev. 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _Did not appeal motion_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground One: _N/A_____

_____

_____

**GROUND TWO:** _Wrongful Point variables added_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Points were added to enhance sentence without_

_proving what is used to enhance. Nor do said_

_variables apply to case._____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _N/A_____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

(Yes)       No

(2) If you did _not_ raise this issue in your direct appeal, explain why: _N/A_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the

Michigan Court Rules?     ✓ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion For Relief From Judgement_

Name and location of the court where the motion or petition was filed: _Kent County_

_Circuit Court 180 Ottawa Ave. N.W. G.R. MI_

Docket or case number (if you know): _11911-FH    111910-FH_

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

Date of the court's decision: _3-17-14_

Result (attach a copy of the court's opinion or order, if available): _Attached_

(3) Did you receive a hearing on your motion or petition?

 ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition?

 ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

 ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

**GROUND THREE:** _Ineffective Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Counsel and I clashed because I would not take plea offer, as a result counsel never gathered or subpeona my witnesses I never met with counsel to discuss strategy, are only meetings was at court appearances our only communication was by mail, did not observe point variables. did not object or raise Fair cross section claim as I suggested_

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

MIED (Rev. 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☑ Yes       ☐ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.5000 of the

    Michigan Court Rules?       ☑ Yes       ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Motion for Relief of Judgement_

    Name and location of the court where the motion or petition was filed: _Kent County_

    _Circuit Court 180 Ottawa Ave, N.W. G.R. MI_

    Docket or case number (if you know): _111911-FH   111910-FH_

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _Attached_

_____

    (3) Did you receive a hearing on your motion or petition?

        ☐ Yes     ☑ No

    (4) Did you appeal from the denial of your motion or petition?

        ☐ Yes     ☑ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☐ Yes     ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _N/A_

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

    issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

    etc.) that you have used to exhaust your state remedies on Ground Three: _N/A_

_____

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

**GROUND FOUR:** Prosecutor Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutors had no intentions of bringing Mr. Isaacson who is witness/victim to courtroom do to his initial lying to police officers coupled with his demeanor. Prosecutors purpose from get-go was to use testimony to prove another unsolved case.

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☑ Yes          ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?

☑ Yes          ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion For Relief From Judgement

Name and location of the court where the motion or petition was filed: Kent County Circuit Court 180 Ottawa Ave. N.W.  Grand Rapids MI

Docket or case number (if you know): 111911-FH  111910-FH

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): Attached

(3) Did you receive a hearing on your motion or petition?

☐ Yes          ☑ No

(4) Did you appeal from the denial of your motion or petition?

☐ Yes          ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

□ Yes          □ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     ☑ Yes          □ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _N/A_____

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _N/A_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     □ Yes     ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _N/A_____

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        ☐ Yes        ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Valerie Foster - Office of the Defender 920 McKay Tower Grand Rapids MI. Ph. 774-8181

(b) At arraignment and plea: yes - V. Foster

(c) At trial: yes  -  V. Foster

(d) At sentencing: yes - V. Foster

(e) On appeal: MR. Daniel Bremer - Attorney At Law 1133 E. Bristol Rd. Burton MI ph 810-232-62-31 PH# 810-232-6231

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes        ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes        ☐ No

MIED (Rev. 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

Therefore, petitioner asks that the Court grant the following relief: Vacated Sentence /New Trial Re-Sentence, Personal Recognizance Bond, And all other Relief Court See fit to grant Petitioner

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

_____
Address

_____

_____
Telephone Number

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

* * * * *

Memorandum of Law in Support of Petition
For Writ of Habeas Corpus

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF
# MICHIGAN

Kelvin Heath
    Petitioner

vs.

Mitch Perry
    Respondent

## MEMORANDUM OF LAW IN SUPPORT
## OF PETITION FOR WRIT OF
## HABEAS CORPUS

By: Kelvin Heath #199603
    Newberry Correctional Facility
    13747 E. County Road 428
    Newberry Michigan  49868
    PH# 616-719-7538
             or
        973-985-7892
        973-374-1142

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................. i

STATEMENT OF QUESTION PRESENTED ...................... ii

STATEMENT OF FACTS ................................................ 1

ARGUMENT:

①          Trial court violated Sixth Amendment confrontation Clause. committed a Patent Bustamante error by admitting the non-testifying witness/victim Preleminary testimony as evidence of Petitioner's guilt. The error cannot be harmless as the inadmissable testimony devastated Petitioner's defense to the unarmed Robbery Count.

②

Trial counsel was ineffective on Subpoenaing witness, never objected to statement, did not challenge Point variables, did not file Fair cross section claim

③

Prosecutor Misconduct Prosecution willfully and Purposely orchestrated that statement be read to Jury without meeting a court officers obligations of due diligence, and Code of ethics.

Conclusion

APPENDIX A (Michigan Court of Appeals Opinion)
APPENDIX B (Michigan Supreme Court Order)

# TABLE OF AUTHORITIES

## Cases

Barber v. Page 390 U.S. 719

Ohio v. Roberts 100 S.Ct 2531,

Crawford v. Washington 124 S.Ct 1354,

Bullcoming v. New Mexico 131 S.ct

U.S. v. Bordeaux 400 F3d 549,

U.S. v. Ameline 400 F3d 647,

Murillo v. Frank 402 F3d 786,

Cook v. McKune 323 F3d 825,

28 U.S.C.A

Vasquez v. Jones 486 F3d 135,

People v. Perez 325 F3d 115,

Foster v. Wolfenbarger 687 F3d

Strickland v. Washington 104 S.Ct 2052,

Mitchell v. Mason 325 F3d

U.S.C.A Const. Amend 6.

356 F3d 689 McFarland v. Yukins

Coleman v. Thompson 501 U.S. 722,

Batson v. Kentucky 476 U.S. 79,

Booker v. Jabe 775 F2d 762

Swain v. Alabama 380 U.S. 85 S.Ct 824

Ambrose v. Booker 684 F3d 638,

USCA Const. Amend. 14,

Miller-El v. Dretke 125 S.Ct

# STATUES, COURT RULES AND MISCELLANEOUS AUTHORITY

28 U.S.C § 2254 (d)

Mich. R. Evid. 804

Michigan Criminal Jury Instructions 2d § 16.5(3)

MCL 777.49

MCL 777.49 (c)

Recent updated Michigan case 2013 People v. Lehre Unpublished Opinion Michigan Appeals #310260 #310265

Law = A rule or principle stating something that always works in the same way under the same conditions.
A enforced rule, conduct, or action established by government.

"Recent" unpublished, and Published, cases by supreme court & Court of Appeals of Michigan... Below!

#310550
#307741
#311548
#301349

# STATEMENT OF QUESTIONS PRESENTED

Whether The trial court violated the Sixth Amendment confrontation clause by admitting Preleminary testimony of non-Production of witness.

was counsel ineffective for not sending out subpoena's, or going over Presentence paperwork, not objecting to testimony of Isaacson, failing to file cross section claim, failing to meet with Petitioner to go over case other than 3, different Plea offers at courtroom appearances only.

Did Prosecution commit misconduct by using non-production of witness/victim as tool to enhance a seperate case to get a conviction? thus committing conduct unbecoming of a Court officer.

Does Kent county have a history of excluding Blacks for Jury duty. Does Blacks in Kent county ever recieve a Jury of its peers. Does Kent county continuously have a reoccuring problem with Jury venire. Is equal Protection clause USCA const. Amend. 14 being violated by Judicial system in Kent county.

# Argument

For 20, years Courts analyzed Confrontation challenges using Ohio v. Roberts 100 S. Ct 2531 and Crawford v. Washington 124 S.Ct 1354  My claim of constitutional violation is state court identify the governing legal rule but applied it unreasonably to my case  creating unreasonable application of established Federal Law. Mr. Isaacson testimony being read to jury influenced Jury verdict. Improper admission into evidence had substantial and injurious effect and influence on my innocence to Jury,  transcripts Vol. 2, at page 8, Judge denys Jury instruction on no show of witness/victim Mr. Isaacson. Page 23, and 24, of Vol. 2, Prosecution Mentions 2, other persons doing exact robberies yet Prosecution Failed to uphold his duties to get Mr. Isaacson before the Jury transcripts Vol. 2, at page 8, Prosecution admits that Isaacson recieved subpoena yet there is no dates of record when Isaacson recieved signed ect said subpoena? thus leaving room For Prosecution Misconduct at page 8, vol. 2, of transcript Prosecution goes on to say state of michigan has no idea where Mr. Isaacson is, Prosecution never mentions an address this alone points to and give rise to due diligence, and misconduct, at this point Judge Buth should have instituted uniform act but he chose another route Pages 20, and 21, vol 2, transcripts. Prosecution case rested upon Preleminary testimony of Isaacson. Because this error was not harmless beyond a reasonable doubt... And a

Clear violation of Federal Law cite Bullcoming V. New Mexico 131 S. ct 2705, The cross examination of Mr. Isaacson was brief and incomplete, Furthermore at Preleminary examinations attorney's use a less tightly controled focused style so as not to educate the witness as to what to expect from them at trial even more so if said Attorney Plan to impeach said witness... Courts Consider a variety of Factors one being absence of evidence in present case the absent evidence is the actual individual who's testimony is the actual thread holding the Prosecution case together cite U.S. v. Bustamante Ex parte testimony, in all Fairness Jury, my triers of Fact where not afforded the opportunity to perform their civic duties do to they never was able to hear or gage Mr. Isaacson or his statement about him lying to police as to why he was there? nor was I Petitioner afforded opportunity to cross examine Isaacson before triers of Fact. In U.S. v. Bordeaux 400 F3d 549, court held it was insufficient to have child testify by two way close circuit T.v. as substitute for live testimony. Thus Mr. Isaacson's testimony could not be introduced at trial consistantly with sixth Amendment's confrontation clause, he was available to testify but was absent by virtue of his busy schedule as stated in transcripts vol, 2, Pages 19, 20, and 18, its not what effect error might generally be expected to have upon reasonable Jury but rather what effect the outcome of Jury decision cite

Crawford v. Washington 124 S.Ct 1354, U.S. v. Ameline 400 F3d 647, Murillo v. Frank 402 F3d 786, Prosecution Knew Isaacson was not willing to testify yet no request was made for bond to assure his return to court. Bad Faith was administered purposely and willfully Knowing Mr. Isaacson testimony would upgrade another case they were working on... Elements of robbery were never satisfied witness Mr. Gray states as much in transcripts Vol. 1, page 120, Court of appeals state there was evidence of text messages yet Mr. Gray supposely erased these alledged messages transcript Vol. 2, 125, 126, 129, Court of appeals goes on to say court records was not fully developed? Yet no request was made to get clarification? I made every attempt to make sure records was fully developed transcript Vol. 1, pages 194, 195, 196, 197, also vol. 2, pages 9, 10, 11, and 12, As well as my sentencing pages 4, 5, 6, Judge Buth cut me off before I could finish developing records for my appeal. As in Cook v. McKune 323 F3d 825, although my Attorney did not ask for hearing on due diligence issue and petitioner did not have Law book access to articulate the correct challenging at trial proceedings Petitioner did make it known something was not right in trial court at vol. 2, of transcript page 11, My Attorney motioned for directed verdict, Isaacson testimony was used to build a case and should not have been admitted under Crawford/Davis/Hammon

④

Judge Buth in all fairness should have inquired about the
new evidence My Attorney stated that has come to her
attention vol. 1, transcripts pages 169, 170, 171, 172, In
cook v. M<sup>c</sup>Kune 323 F3d 835, - The more crucial the
witness, the greater the effort required to secure his
attendance. The more important the witness to the
governments case the more important the defendant
rights. A spillover effect happened in present case
in Jury mind the cases were intertwined with each other
My attorney would have employed a different defense
strategy absent inadmissible Preleminary testimony
of Mr. Isaacson thus where reversible error is found on
one or more counts determination whether presense of
invalidated counts had any spillover effect sufficiently
predudicial to call for reversal of remaining
counts requires inquiry into whether ① charges are
intertwined with each other ② evidence for remaining
counts sufficiently distinct to support verdict on
these counts ③ Elimination of invalid count significally
changed strategy of trial ④ Prosecution used language of
the sort to arouse a Jury = Federal Rules of evidence
404 (b) 28 U.S.C.A  As in Bullcoming v. New Mexico
131 s.ct decided 2011, the trial court substituted
Isaacson with Police Officer and read testimony to Jury
the Fourteenth Amendment renders the confrontation clause
binding on the States cite vasquez v. Jones 486 F 3d 135,

(5)

Before Plain error; perservation For appeal; there is
due diligence to be met you cannot skip point A,
and go to B, or C, without violating Sixth and
Fourteenth Amendment rights. The sole purpose
Mr. Isaacson was not present to testify in person
was the Prosecution did not attempt to seek his
presence. In transcript Vol. 2, pages 6, 7, 8, Judge
clearly states witness/victim Isaacson had been a
difficult witness yet Prosecution and trial Judge Failed
to secure his presence even tho' they Knew his
testimony was essential to a conviction. Uniform Act
was warranted at this point- city or state to check
on whereabouts of very important witness also requires
the Prosecution to "show in writing" unsuccessful attempts
where made to locate witness/victim Prosecution was
required to resort to other means Just cause his attempts
unsuccessful does not Justify Prosecution Failure to
make an attempt. Futhermore Attorney Foster at side bar
Vol. 1, Page 129, Judge said he was gonna allow testimony
to be read into evidence he did not put this on record
other than to say the witness is From out of State as
his reasoning? Also Petitioner's Attorney noted on record
transcript Vol. 1, at pages 169, to 175, that this morning was
the First of hearing Isaacson was a no show, leads to unfair
11th hour surprise instituted upon petitioner. Confrontation
clause which is to prevent the accused From being

(6)

Deprived of the opportunity to cross examine declarant in front of trier of Facts about statements. Taking testimony for future trials is not the scope of Clause which Prosecutor admits at Page 170, 171, of transcript Vol.1, thus committing bad faith acts, not upholding Court officers duty once again Petitioner points out Prosecution purposely orchestrated testimony to be read to Jury without meeting standards of availability. For reasons listed above is why Framers of Confrontation Clause instituted it to hold Prosecutors to their sworn oaths... In the court of Law either you have Facts, on your side or you have Law on your side, I happen to have both on my side... After reading Federal Laws pertaining to my writ it is clear to me my rights and trial proceedings were of a magnitude of injustice that shock the conscious mind.

The cases cited for denial of Motion For Relief of Judgement were brought before trial Judge I showed irregularities in my counsels Performance, I raised issues in my appeal trial Judge uses 449 Michigan Report People V. Reed as measuring stick for grounds for relief transcript reveal said relief happened in my trial. The Factual and legal support lie in trial transcripts as stated in standard 4, brief so where is the abandonment? unclear and undeveloped records Falls Far short of trial court, and appellate court, Justification of denial of new trial / vacated sentence. No witnesses at my

(7)

Trial is the actions of my counsel had my witnesses been subpoenaed I would have been acquitted. In denial of my Relief From Judgement trial Judge Buth at Page 3, Para. 9, states the role of Prosecutor and responsibility and duty is to seek Justice yet Prosecutor failed to get before the Jury the witness/victim Barry Isaacson which was the foundation of entire case. Contemporaneous objections were made by my counsel Page 172, vol. 1, of transcripts and by me thru out trial proceedings, trial Judge futher states as do appeals court that relief is warranted only when plain error resulted in the conviction of an actually innocent defendant. Without testimony of Mr Isaacson being read to Jury there is no conviction... By admitting testimony of none production of witness seriously affected fairness, integrity and reputation of Judicial proceedings. I am innocent of charges the possibility of error is Mr Isaacson not showing up do to he could not face Jury knowing he was never robbed by me. Evidence offered against a party by its nature, is Prejudicial. What is pivotal is whether its probative value is substantially outweighed by unfair prejudice. Where as in Petitioner case the absense of the person who stated testimony outweighs any value the statement has, unfair prejudice without triers of fact gaging, Judging, witness. Without this evidence there was insufficient evidence to convict Petitioner.



In short Prosecution was allowed to vouch for its own witness... Federal uniform rule dictates that former testimony is not admissible if the right of confrontation is denied, use of former testimony against accused violates right of confrontation. Petitioner ask that Prosecution unbecoming conduct be considered as drastic and socially costly, Further ask that methods and ruling from this honorable District court of Michigan intervene to deter Prosecution from violations of constitutional and statutory protections. The testimony of Mr. Barry Isaacson was a controlling and basic issue of Petitioner's case and was decisive of the outcome once Jury heard it... Error resulted in my conviction and affected the fairness, integrity and judicial proceedings independent of my innocence. Court of Appeals contradict its own state Laws specifically MCL 769.26 "said error involves constitution". Objection was not necessary nor required to preserve for appeal, court of Appeals argues that records not developed as excuse to AFFIRM? Attorney Valerie Foster gave trial court opportunity to correct its error with directed verdict request. Had error not occured Jury would have reached a different result, trial court blended cases together as oppose to holding Prosecution to due diligence requirements = manifested injustice. At page 6, Vol; 1, transcript counsel on record opposing trial court consolidating cases

⑨

(Constitutional Law > Bill of Rights)

The Primary purpose and objective of the confrontation clause of U.S. Const. amend. VI is to prevent depositions or ex Parte affidavits from being used against a person in lieu of a personal examination and cross-examination of the witness. The mere absence of a witness from the Jurisdiction is no longer sufficient grounds for dispensing with an accused's constitutional right of confrontation, particularly in view of the increased co-operation between states, which 45, states enforce... (Uniform Act) There is no record of Prosecutions effort, other than Phone contact and there is no record of even that! other than Prosecution verbalizing it. Barber v. Page 390, U.S. 88 S. ct 1318, says it best. Accused has opportunity not only of testing the recollection and sifting the conscience of the witness, but also of compelling him to stand face to face with the Jury in order that they could look at him and Judge his demeanor upon the stand. The purpose of a Preliminary examination is an investigation to see if a crime was committed it is not a trial... To be overzealous to get a conviction by manipulating government powers as did Prosecution when he failed to produce witness and intentionally played one case into another. Similarity alone is not enough Mr. Gray

(10)

Confirmed a composite drawing of his suspected robber Vol. 1, Page 107, transcripts as a slim black male in his twenties, at page 104, he could not remember the correct address, or phone numbers, do to text and phone numbers he allegedly erased prior to his court appearance. Yet Judge Buth allowed cases to be tried together causing abuse of discretion on that frame as well as allowing Preleminary testimony to be read and re-enacted by police officer. Petitioner further states trial Judge gives damaging ambiguous instructions on charged offenses and elements at page 88, vol. 1, transcripts and Page 91, Petitioner contends he has never met or seen witness Mr. Gray.

Witness Mr. Isaacson told police he was lost and asked a black male for directions at this point he alleged he was robbed... How Mr. Isaacson and police got to the subject of Isaacson responding to a website ad is not clear? it is noted in Preliminary transcripts Page 10, that Mr. Isaacson spoke to a female and set up a date for the following day which did take place that afternoon and again later that night, and he continued to call on her services thats how I Knew he would not show up for trial he apologized to Kelly for causing problems and assured her he would not testify to what he initially lied about. Transcripts of sentencing Pages 4, 5, 6 and and 7, I asked Attorney Foster did she recieve letter informing her of Isaacson I also attempted to perserve for Appeal purposes the conduct



of my trial proceedings at my sentencing pages 8, 9, Judge cut me off before I could get my 7, questioned on the record... furthermore Petitioner sent letter to Judge Buth Febuary 17th notifying Judge he had 7, question to go on record Judge admits he recieve said letter on Page 5, of sentence transcripts.

My Attorney failed to exercise reasonable Professional Judgement by not interviewing witnesses I presented her with. Or at least witnesses listed on police report? Attorney Valerie Foster failed to adequately investigate my case I told her of a rebuttal witness yet no subpoena was drawn or persued I've never sat down to put together a defense strategy with Attorney Foster we only met at court appearances that involved three different plea offers which I declined and this angered counselor, so much so that it is revealed in her snide comments as noted at Vol. 2 of transcripts Pages 9, 14, 15, and sentencing transcripts Pages 4, 5, 6, and 9, 10, 11, my interest was not protected do to counsels conflicting schedules and counsels haste to be done with constitutional obligation I made Judge aware of accused conduct by writing him prior to trial, and put it on record Vol. 2, Pages 9, 10, and 11, I also notified Kent county Jail staff and my family that I would not return to his courtroom, I went on to accuse my Attorney of conspiring with Prosecution do to her attitude and



Performance at Pages 14, 15, of vol. 2, transcripts. Counsels Juggling of cases and overload coupled with counsels belief that at some point I would plead guilty caused counsel to be unprepared her performance was deficient and it prejudiced me to the point I was denied a fair trial. Judge Buth Knew I and my attorney were having problems yet he did nothing! at Pages 11, and 12, vol. 2 transcripts counsel failed to object to Isaacson testimony when Judge asked her. I believe this was intentional counsel has demonstrated ill will thru out my trial, counsel was aware of my witnesses and casino 3, months prior by way of letters and family members calling relaying messages to inform her of Names, Phone numbers, "calls" are "recorded" at defenders office by state Law" Mich. Rules of Professional conduct 1.4, 1.1(b) and 1.3 and Attorneys shall maintain files of clients - Keep them for 5, years People v. Perez 325 F3d 115, Foster v. Wolfenbarger 687F3d 702, Ballard v. U.S. 400 F3d 405, Attorney failed to notice Point varible inaccuratecy, Failed to subpeena witnesses, Failed to have private meetings as in Mitchell v. Mason 325 F3d all these surrounding circumstances Justify a presumption of ineffectiveness of counsel thus establishing sixth Amendment claim. Attorney could have refused statement on record and still requested directed verdict one does not exclude the other. Vol. 1, Page 183 of transcripts counsel mentions my daughter but never interviewed

(13)

Or subpoenaed, or called her back??? Defense counsel's decision to limit her investigation and not call witnesses provided by Petitioner was constitutionally deficient, having known client wanted witnesses that could've proved beneficial to Petitioner it was objectively unreasonable for counsel not to at least interview them before coming to her ultimate choice of trial conduct, I was Prejudice by defense counsels constitutional deficient decision not to at least interview witnesses who could have presented testimony which would have helped. And contradict that of complaining witness Attorney Foster never objected to witness Mr Gray text messages as evidence when in Fact he supposely erased text and voice mails, Vol. 1, Pages 104, and 103,

Under Holloway rule when a defendant voices a timely objection to representation by appointed Counsel and trial court Fails to investigate the conflict a defendant is entitled to automatic reversal without demonstration of Predudice USCA const. Amend. 6, 356 F3d 689, McFarland v. Yukins ... A Lawyer shall act with reasonable diligence and promptness in representing a client, A lawyer shall persue a matter on behalf of a client despite opposition, obstruction or personal inconvenience to the lawyer unreasonable delay cause a client needless anxiety and undermine confidence in the lawyers trustworthiness cite Strickland v.



washington 466 U.S. 648, thus defaults were put forth by my trial Attorney Valerie Foster ineffectiveness raising constitutional matters. Cite Coleman v. Thompson, 501 U.S. 722 warranting Habeas relief.

Federal and State Law says a recognized mistake made in court reversal of a sentence decision will result. USSG § 1B1.1 18 USCA cite U.S v Turner 400 F3d 494, It was Plain error to sentence Petitioner under wrongful enhanced guidelines Barnett 398 F3d 526, Labastida-Segura 396 F3d Rodriguez 398 F3d 1300, there was no vulnerability to warrant scoring in Point variable 10, there was no Known Fact of victims abilities. There was no interference as to Point variable 19, sentencing commission has issued binding Policies for district courts to reduce sentencing 18 USCA 3582 & 28 USCA 994 do to Judges Misinterpatation of Point Variables enhancements of Sentence guidelines. Cite U.S. v. Jackson 189 F3d 502, U.S. V. Tillman 19 F3d 1223, A state court decision involves an unreasonable application of Federal Law when it identifies the correct legal rule from U.S. Supreme court case Law but unreasonably applies that rule to the Facts of the Habeas Petitioner's case. Thus requires re-sentencing

(15)

In 1994 a Mr. Wayne Bentley did study and found Kent County exclude blacks, He was proved correct so much so that a new method was instituted. I challenge Procedure conducted to panel my Jury and prosecutors selective method of excluding the mere 4, blacks on panel simply because of race cite Batson v. Kentucky 476 U.S. 79, improperly exercising peremptory challenges - 3, step sixth Amendment guarantees was not upheld in my case nor was fourteenth Amendment. Cite Booker v. Jabe 775 Fzd 762, Swain v. Alabama 380 U.S. 85 S.Ct 824, studies did by Duke university in 2012 proved all white Juries convict black defendants 80% over all! Kent county is notorious for excluding blacks cite Ambrose v. Booker 684 F3d 638, it is worded that alledged glitch went undetected by Judges, Prosecutors, and Kent county officials, for 2, years ... My attempt is to show U.S. District Court my established prima facie case of Purposely discrimination in selection of my venire coupled with a substantially underrepresented venire from which Petitioner Jury was drawn = venire was selected under practice providing the opportunity for discrimination. Above combination of factors raises necessary inferences of Purposeful discrimination. Thus if Prosecution Proffered reason for striking minority panelist applies just as well to otherwise similar non-minority who is permitted to serve, that is evidence tending to prove purposeful discrimination USCA Const. Amend. 14, I am entitled to relief because reasonable



Jurist could have debated whether the Prosecution use of Preemptory strikes was result of purposeful discrimination. Racial discrimination by state in Jury Selection offends the equal Protection clause USCA const. Amend. 14, all 5, of Petitioners Black venire Persons were excused cite 125       S.ct Miller-El v. Dretke

Most recent case in Michigan and same county as Petitioner Federal courts ordered the release from custody within 70, days that case being= Antonio Garcia-Dorantes V. Warren # 05-10172 Oct. 9, 2013 decided... Also Ambrose 684 F3d 652, Kent county has history of Constant reoccuring ethnic composition of Jury venire, and same applys to Kent County Prosecution Office there is no Black Prosecutors has not been for over a decade My reasoning and desire to bring the last three sentences to the attention of this Honorable court I am hoping Justice Dept. or some other U.S. legal entity investigate above allegations. Same rules that govern ineffective assistance of counsel apply to prejudice standards.

Wherefore Petitioner ask Honorable Court to grant Habeas corpus, relief. as Court see fit in above matters.



The Michigan Court of Appeals ignored the fact that once Mr. Isaacson Preleminary testimony was admitted, the jury did not have to engage in a "permissible inference" in order to convict Petitioner Heath, instead Mr. Isaacson's Preleminary testimony directly provided the requisite guilt that Petitioner Mr. Heath denied. In short, the Michigan Court of Appeals failed to apply due diligence requirement, and actual innocent theory at all, instead engaged in a "harmless error analysis" that completely ignored the devastating nature of abuse of discretion and upheld the conviction, a jury that was misinformed do to trial courts error. Records reflect serious errors that affected the fairness, integrity and public reputation of Judicial proceedings at Vol. 2, page 8, denial to read proper Jury instruction on due diligence/non-production of witness. Also at pages 129, and 130, of transcript vol. 1, again Judge does not give proper instructions to Jury on allowing ex parte to be read to Jury his only reasoning was witness is from another state.

    For these reasons Petitioner Kelvin Heath asks that this Court grant the petition for a writ of Habeas Corpus.    Respectfully submitted   By Kelvin Heath #199603
                                                            Ph# 616-719-7538
Date                                                        973-374-1142



Dear Clerk of U.S. District Court
of Eastern Michigan.

Please accept this handwritten
Memorandum accompanying Petition for relief from
Conviction/Petition for writ of Habeas Corpus.

I have no access to type writer at current facility I
reside.

Thank You in advance

Mr. Kelvin Heath #199603

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF KENT**

THE PEOPLE OF THE STATE
OF MICHIGAN,

CASE NO. 11-11910-FH
11-11911-FH

Plaintiff,

HONORABLE
GEORGE S. BUTH

v

KELVIN WAYNE HEATH,

ORDER

Defendant.

**ORDER**

At this session of Court held March 17, 2014
at the Kent County Courthouse, Grand Rapids, Michigan.

This matter is before the Court on defendant's motion for relief from judgment pursuant to MCR 6.502 and request for appointment of counsel. The Court, having reviewed defendant's motion with attachments, the court file including transcripts of the jury trial, defendant's sentencing, the Court of Appeals' opinion and relevant law, finds:

1. On March 29, 2012 defendant was convicted by a jury of unarmed robbery and impersonating a police officer in each of the above-referenced cases. On May 16, 2012 defendant was sentenced to a term of not less than eight nor more than 20 years on the unarmed robbery convictions and for time served on the impersonating an officer convictions. The sentences were to be served concurrently;

2. On August 20, 2013, the Court of Appeals affirmed this conviction in a four page unpublished opinion. On December 23, 2013 the Supreme Court denied defendant's application for leave to appeal;

3. In this motion for relief from judgment, defendant raises claims of violation of his Sixth Amendment right to confront witnesses against him; ineffective assistance of trial counsel for failing to object to improper scoring of offense variable ("OV") 10 and OV 19; ineffective assistance of trial counsel for failing to subpoena witnesses as suggested and discuss trial

strategy; and prosecutorial misconduct for intentionally offering preliminary examination testimony rather than live testimony to avoid the live testimony of a "problem" witness;

4. The post-conviction remedy provided by MCR 6.500 *et seq.* should be regarded as extraordinary. *People v Reed,* 449 Mich 375, 388; 535 NW2d 496 (1995). By design, these rules encourage raising legal issues on initial appeal rather than in post-conviction review. The *Reed* Court cited the wisdom expressed by the United States Supreme Court in *Reed v Ross,* 468 US 1, 10 (1984):

> "[A rule which is designed to afford] the opportunity to resolve the issue shortly after trial, while evidence is still available both to assess the defendant's claim and to retry the defendant effectively if he prevails in his appeal . . . promotes not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions."

*People v Reed, supra* at 389. MCR 6.508 was adopted to insure that the finality of criminal judgments was not diminished. *Id.* Defendant has the burden of establishing entitlement to the relief requested. *People v Carpentier,* 446 Mich 19; 521 NW2d 195 (1994);

5. This Court may not grant relief when a defendant's motion alleges grounds for relief which were decided against the defendant in a prior appeal unless defendant establishes that a retroactive change in the law has undermined the prior decision or "alleges grounds for relief . . . which could have been raised" but were not in a prior appeal, "unless the defendant demonstrates . . . good cause for failure to raise such grounds on appeal . . . and . . . actual prejudice from the alleged irregularities that support the claim for relief." MCR 6.508(D)(2) and (D)(3)(a) and (b). In a conviction following a trial, to demonstrate "actual prejudice" defendant must show that but for the alleged irregularities, "defendant would have had a reasonably likely chance of acquittal." MCR 6.508(D)(3)(b)(i);

6. The Court of Appeals' August 20, 2013 opinion specifically evaluated defendant's claim that his Sixth Amendment right to confront witnesses was violated and found that because the "record was not fully developed", it could not conclude that it was plain error to admit the preliminary examination testimony and, even if it was plain error and the error prejudiced Heath's trial, reversal would not be warranted. The Court of Appeals next carefully examined the alleged improper scoring of offense variable ("OV") 10 and OV 19 and determined that the Court had not erred with respect to scoring either variable. The Court of Appeals similarly concluded that although defendant had argued in his Standard 4 brief that he was denied effective assistance of counsel, his failure to provide factual and legal support amounted "to nothing more than a declaration of Heath's position", noting that he had thus abandoned this claim of error on appeal. The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals as to that issue where the facts have not materially changed. *People v Fisher,* 449 Mich 441, 444–445; 537 NW2d 577 (1995). Although submitted to the Supreme Court for consideration, the Supreme Court denied leave. The law of the case doctrine precludes further consideration of these issues. Defendant has failed to establish that a retroactive change has undermined the decision of the Court of Appeals;

7. Because it is unclear whether the claims of ineffective assistance of trial counsel, for failing to subpoena suggested witness and to discuss trial strategy, and prosecutorial misconduct were raised in the appellate court, this Court will address their merits. Defendant does not contend that these issues are based on a change in the law or newly discovered information.[1] The claims raised by defendant in this motion could have been raised in defendant's direct appeal and thus defendant must demonstrate good cause for failing to raise these claims earlier and that but for these errors, he would have had a reasonably likely chance of acquittal. Claims of ineffective assistance of counsel require an evaluation of the underlying alleged substantive errors;

8. To succeed on a claim of ineffective assistance of counsel, defendant bears the "heavy burden" of showing that, but for an error by counsel, the result of the proceedings would have been different, and that the proceedings were fundamentally unfair or unreliable. *People v Petri,* 279 Mich App 407; 760 NW2d 882 (2008). Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. Trial counsel is given wide discretion in matters of trial strategy, including the witnesses to be called. Defendant has not demonstrated good cause for failing to raise and/or fully support the ineffective assistance of counsel claims presented in this motion in his direct appeal. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Petri, supra.* As noted above, the Court of Appeals concluded that the offenses variables were properly scored. Failing to advance a meritless argument with respect to the scoring of OV 10 and OV 19 does not constitute ineffective assistance of counsel. Defendant has failed to show that but for the actions of trial counsel, he would have had a reasonable probability of being acquitted;

9. Defendant also asserts that the prosecution "willfully and purposefully" used the preliminary examination testimony to enhance the testimony of a live witness. The role and responsibility of a prosecutor differs from that of other attorneys: his duty is to seek justice and not merely to convict. *People v Jones,* 468 Mich. 345, 354; 662 NW2d 376 (2003); *People v Dobek,* 274 Mich App 58, 63; 732 NW2d 546 (2007). The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *Dobek, supra,* at 63. When there is neither a contemporaneous objection nor a request for a curative instruction, review of alleged prosecutorial misconduct is limited to ascertaining whether there was outcome-determinative, plain error. *People v Carines,* 460 Mich 750, 763-764; 597 NE2d 130 (1999); *People v Unger,* 278 Mich App 210; 749 NW2d 272 (2008). See also *People v Green,* 2011 WL 520181 (Mich App). Relief is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of judicial proceedings. *Unger, supra* at 235. As discussed above, the Court of Appeals considered the admission of the preliminary examination testimony, stating

> we cannot conclude that it was plain error to admit Isaacson's preliminary examination testimony.

---

[1] Attached to defendant's motion for relief from judgment were copies of a letter from his trial counsel sent after trial but before sentencing and the counter-statement of questions presented filed by the prosecution in the Court of Appeals. Neither document constitutes newly discovered information.

> Even if we were to conclude that the trial court plainly erred and the error prejudiced Heath's trial, this Court would nevertheless have to determine whether to exercise its discretion to grant relief. *Carines*, 460 Mich at 763. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* (quotation marks and citation omitted). Because Heath is not actually innocent and because any error does not—on this record—undermine the fairness, integrity or public reputation of judicial proceedings, Heath would not be entitled to the requested relief. *Id.*

*People v Heath*, 2013 WL 4436862 (Mich App). Defendant has failed to establish that he is entitled to the requested relief;

11. Defendant has failed to show good cause for failing to raise the issues contained in this motion in his direct appeal. Defendant has failed to demonstrate a significant possibility that he is innocent which would allow the Court to waive the good cause requirement of MCR 6.508(D)(3)(a). None of the issues raised are based on a change in the law or newly discovered information; and

15. Defendant requested appointment of counsel to assist him with the filing of his motion for relief for judgment. At all critical times, defendant was represented by a court-appointed attorney. Both the United States Supreme Court and the Michigan Supreme Court require appointment of appellate counsel for indigent defendants for first-tier appellate review in the Michigan Court of Appeals. Neither, however, requires appointment of counsel for further reviews or action.

Based on the above,

**IT IS ORDERED** that defendant's motion for relief from judgment pursuant to MCR 6.502 and request for appointment of counsel is hereby DENIED.

**IT IS SO ORDERED.**

George S. Buth
Circuit Court Judge

4

# STATE OF MICHIGAN

# COURT OF APPEALS

DEFENDANTS COPY

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KELVIN WAYNE HEATH,

      Defendant-Appellant.

UNPUBLISHED
August 20, 2013

No. 310897
Kent Circuit Court
LC Nos. 11-011910-FH;
           11-011911-FH

---

Before: WHITBECK, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant Kelvin Wayne Heath appeals of right his jury convictions of two counts of unarmed robbery, MCL 750.530; and two counts of false personation of a public officer, MCL 750.215. The trial court sentenced him as a habitual offender, fourth offense, MCL 769.12, to serve concurrent sentences of 8 to 20 years in prison for each unarmed robbery and time served for the false personation counts. Because we conclude that there were no errors warranting relief, we affirm.

Heath's convictions arise out of a pair of robberies committed within two weeks of each other. In both cases, there was evidence that he used text messages to direct the victims to a particular apartment where they could purchase "massage" services. When the victims arrived at the apartment complex, Heath confronted them and identified himself as a police officer conducting a sting operation. Heath then took the victims' wallets to "check their identification" and took the victims' money. He then returned the wallets and told the victims that they were free to go.

The second victim, Barry Isaacson, testified that he was from Illinois but came to Grand Rapids for unspecified "business." He said he went to the apartment complex at issue for an "adult service." After Heath stopped him and took his money, Isaacson drove around the parking lot and saw Heath getting into his car. He drove up to Heath and took a picture of him with his phone's camera. He then called the number given as a contact for the massage service and Heath answered. Isaacson called the police department and, after an officer arrived at the parking lot, he gave the officer a copy of Heath's picture and the contact number. The officer traced the phone number to Heath and verified Isaacson's photo as a match for Heath's driver's license photo. The first victim later identified Heath as the person who robbed him.

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 23, 2013

Robert P. Young, Jr.,
Chief Justice

147713

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
    Plaintiff-Appellee,

v

                                              SC: 147713
                                              COA: 310897

KELVIN WAYNE HEATH,
       Defendant-Appellant.
                                            Kent CC:  11-011910-FH
                                                            11-011911-FH

_____/

      On order of the Court, the application for leave to appeal the August 20, 2013 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.





      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 23, 2013
_____

t1216

                                       Clerk

If you may recall, the original plea offer was two counts of Larceny from a Person and a dismissal of all other counts and the Aggravated Stalking charge.  Had you taken the deal, your guidelines would have could have scored as low as 14-29 months on the minimum, a sentence range with which the judge would have complied.  You conviction guidelines are now 50-200 on the minimum as a Supp 4 and a max of up to life.  I know that you and your surrogates have already begun a campaign of shifting blame onto me.  It is the predictable scenario of "when all else fails, blame the defense lawyer," as evidenced by the barrage of calls that Judge Buth's staff received from your mother and sister the day **after** your disastrous testimony, (I assume at your request since neither had been to court to witness what was really unfolding) but I am secure in the knowledge that my representation was dutiful and effective.

Sincerely,

Valerie A. Foster, Esq.
VAF/

## COUNTER-STATEMENT OF QUESTIONS PRESENTED

I.  DEFENSE COUNSEL DID NOT OBJECT TO THE ADMISSION OF A WITNESS'S PRIOR TESTIMONY UNTIL AFTER THE PROSECUTION HAD RESTED ITS CASE.  INSTEAD, COUNSEL PLAYED AN ACTIVE ROLE IN THE INTRODUCTION OF THE TESTIMONY AND STATED THAT SHE HAD NO OBJECTION TO EXHIBITS ADMITTED DURING THAT TESTIMONY.  DO THESE ACTIONS CONSTITUTE WAIVER OF THIS ISSUE?

> The Trial Court was not presented with this question.
> Defendant-Appellant answers, "No."
> Plaintiff-Appellee answers, "Yes."

II.  DEFENDANT USED AN ADVERTISEMENT TO LURE POTENTIAL VICTIMS TO AN APARTMENT COMPLEX FOR WHAT THEY BELIEVED WOULD BE A SENSUAL MASSAGE AND THEN, BY IMPERSONATING A POLICE OFFICER, USED THAT FALSE AUTHORITY TO ROB THEM.  DURING THE INVESTIGATION, DEFENDANT PROVIDED FALSE INFORMATION TO THE POLICE. DID THIS PRE-OFFENSE CONDUCT AND USE OF AUTHORITY CONSTITUTE PREDATORY CONDUCT SUPPORTING THE SCORING OF OV 10 AT 15 POINTS, AND DID DEFENDANT'S FALSE INFORMATION TO POLICE SUPPORT A SCORING OF OV 19 AT 10 POINTS?

> The Trial Court was not presented with this question.
> Defendant-Appellant answers, "No."
> Plaintiff-Appellee answers, "Yes."

III.  DEFENDANT'S TRIAL COUNSEL MOVED THE COURT FOR A REDUCTION OF BOND, OBJECTION TO THE CONSOLIDATION AT TRIAL OF THE TWO CASES, MOVED FOR A DIRECTED VERDICT, EXTENSIVELY CROSS-EXAMINED THE WITNESSES, AND MADE WHAT CLOSING ARGUMENT SHE COULD GIVEN THE EVIDENCE AGAINST DEFENDANT.  HAS DEFENDANT FAILED TO DEMONSTRATE ANY INEFFECTIVE ASSISTANCE OF COUNSEL?

> The Trial Court answered, "Yes."
> Defendant-Appellant answers, "No."
> Plaintiff-Appellee answers, "Yes."

`Extra Page

Please take notice that included with

Motion For Relief From Judgment, is

2, copies of paperwork I would like the Court

to entertain while deciding above Mentioned.

① Is copy of letter recieved From trial attorney

Valerie Foster after guilty verdict and

sentencing, I never Knew this nor is it part

of court records...?


② Is copy of Prosecutor's brief Please read
take notice of the 2, sentences with stars


Newberry Corr. Fac.                    Kelvin Heath
13747 E. County Road 428               1-28-14
Newberry MI                            Kelvin Heath #199603
                49868

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 14-12012 | Judge: Bernard A. Friedman | Magistrate Judge: Patricia T. Morris |
|---|---|---|

**Name of 1st Listed Plaintiff/Petitioner:**

KELVIN WAYNE HATH

**Name of 1st Listed Defendant/Respondent:**

MITCH PERRY

**Inmate Number:** 199603

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Newberry Correctional Facility

3001 Newberry Avenue
Newberry, MI 49868
LUCE COUNTY

---

**BASIS OF JURISDICTION**

☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**

☒ 530 Habeas Corpus
☐ 540 Mandamus
☐ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**

☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**

☐ IFP *In Forma Pauperis*
☒ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes   ☒ No
   ➤ If yes, give the following information:

   Court: _____
   Case No: _____
   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes   ☒ No
   ➤ If yes, give the following information:

   Court: _____
   Case No: _____
   Judge: _____