STATE OF MICHIGAN

SEVENTEENTH JUDICIAL CIRCUIT COURT (KENT COUNTY)

THE PEOPLE OF THE
STATE OF MICHIGAN

-v-

KELVIN WAYNE HEATH,

         Defendant.
_____/

ORIGINAL

Case No. 11-11910-FH
        11-11911-FH

RCV'D & FILED

SEP 14 2012

JUDGE BUTH
17TH CIRCUIT COURT

SENTENCING

BEFORE THE HONORABLE GEORGE S. BUTH, CIRCUIT JUDGE

Grand Rapids, Michigan - Wednesday, May 16, 2012

APPEARANCES:

For the People:      MR. KEVIN M. BRAMBLE (P38380)
                         Assistant Prosecuting Attorney
                         82 Ionia Avenue, NW, Suite 450
                         Grand Rapids, MI  49503
                         616.632.6710

For the Defendant:    MS. VALERIE A. FOSTER (P44459)
                         Kent County Defender Office
                         146 Monroe Center Street, N.W.
                         Suite 920
                         Grand Rapids, MI  49503
                         616.774.8181

Reported by:         Leslie Rydahl, CSR-4078
                         Official Court Reporter
                         Kent County Courthouse
                         180 Ottawa Avenue, NW, Suite 12200
                         616.632.5021

## Page 2

TABLE OF CONTENTS

WITNESSES:
   None

EXHIBITS:
   None

## Page 3

Grand Rapids, Michigan
Wednesday, May 16, 2012 - 3:44 p.m.
* * *

MR. BRAMBLE: Your Honor, this is the matter of the People of the State of Michigan versus Kelvin Wayne Heath. There are two files here: Docket Number 11-11910-FH and 11-11911-FH.

THE DEFENDANT: What is that noise? Will you turn that down?

MS. FOSTER: (Assisting with headphones)

MR. BRAMBLE: Kevin Bramble on behalf of the People; Ms. Val Foster appears on behalf of the defendant.

THE COURT: Mr. Heath, can you hear all right?

THE DEFENDANT: Yeah, I can hear you.

THE COURT: Good. Ms. Foster, you've read the report.

MS. FOSTER: I have.

THE COURT: Any comments on the contents of the pre-sentence report?

MS. FOSTER: No.

THE COURT: All right. Mr. Heath, have you read the pre-sentence report?

THE DEFENDANT: Yes, I have.

THE COURT: Do you have any questions, comments,

## Page 4

objections regarding the contents or the accuracy of that report?

THE DEFENDANT: No.

THE COURT: All right. Mr. Bramble, any further input here?

MR. BRAMBLE: No. Thank you, your Honor.

THE COURT: Ms. Foster, any further input?

MS. FOSTER: No.

THE COURT: Mr. Heath, anything further you'd like to say before I impose --

THE DEFENDANT: Yeah. I'd like to go on record with some stuff, yeah.

THE COURT: Go ahead, please.

THE DEFENDANT: I'd like to ask her some questions. I'd like to ask her -- on December 28th, did I send you a letter informing you that Sheila was married and I would only involve her if it came to that. And that I just didn't want her -- did you --

THE COURT: Let me check the file here. I --

MS. FOSTER: I didn't even understand a word he just said. He may have to repeat himself.

THE COURT: I have a letter here dated --

THE DEFENDANT: I can slow down. I want to ask her these questions for the record and she can answer "yes" or "no."

## Page 5

THE COURT: Okay. But I -- there is a letter here dated February 17th in the court file.

THE DEFENDANT: That ain't have nothin' to do with the letters I sent her. It was attorney-client information.

THE COURT: Well, Ms. Foster, did you receive any?

MS. FOSTER: I received several letters from Mr. Heath. He'd have to repeat the question. I didn't understand what he just said.

THE DEFENDANT: I asked you: Did you receive a letter from me informing you that Sheila was married and that Isaacson wasn't gonna show up on December 28?

MS. FOSTER: The first time I heard about Sheila was just before we started trial.

THE DEFENDANT: All right.

MS. FOSTER: Frankly, I don't know anybody -- how anybody could predict whether or not Mr. Isaacson would show up. But if you did send a letter saying those things, I'm not going to contest that. Sure. Maybe you did send a letter.

THE DEFENDANT: Did you get the letter or not?

MS. FOSTER: I got every letter you sent me.

THE DEFENDANT: I sent you that letter. You didn't bring the file with you?

MS. FOSTER: No. I didn't bring the file with me. You didn't ask me to bring the --

**Page 6:**

1   THE DEFENDANT: Question Number 2.
2   THE COURT: Go ahead, Mr. Heath, next question.
3   THE DEFENDANT: On February 16, didn't I send you
4   a letter instructing you -- asking you to relieve you of
5   this case if you didn't feel comfortable with me if you
6   wasn't gonna --
7   MS. FOSTER: I didn't understand a word you just
8   said, Mr. Heath. You're gonna have to either slow it down
9   or --
10  THE REPORTER: Mr. Heath, you need to slow it
11  down.
12  THE DEFENDANT: Okay. Excuse me, Ma'am.
13  Did I send you a letter February 16 asking you to
14  ask Mr. Thomas Parker to relieve you of this case?
15  MS. FOSTER: I don't recall getting a letter from
16  you asking -- Mr. Thomas Parker is not my boss. He cannot
17  relieve me of --
18  THE DEFENDANT: I didn't say whether or not he was
19  your boss. We're talking about a letter.
20  MS. FOSTER: Mr. Heath, you sent me a ton of
21  letters. You know what? If we want to adjourn this again
22  and I can bring in every letter Mr. Heath sent me and you
23  can look it over, Judge, to see was letters he sent me and
24  what he said in his letters, I have no problem with that.
25  I'll concede that Mr. Heath sent me a ton of letters, your

**Page 7:**

1   Honor.
2   THE COURT: All right. We're not going to adjourn
3   this matter again.
4   MS. FOSTER: I don't really --
5   THE DEFENDANT: She was informed that I was gonna
6   ask her these questions, and I told the attorney that. I
7   sent you a letter saying I was going to ask her several
8   questions, your Honor.
9   MS. FOSTER: I was told he didn't want to proceed
10  without me and I was expecting a show. I guess this is the
11  show I'm expecting.
12  THE COURT: Hold on, Ms. Foster, Mr. Heath. We're
13  not going to go through a whole series of questions here.
14  If you want to write Ms. Foster a letter and send a copy to
15  the Court, I'm sure Ms. Foster and the Court will take a
16  look at it. But what we're looking at here, Mr. Heath, is
17  sentencing you on two cases where you were convicted by a
18  jury. In a moment I'll advise you of your right to appeal.
19  And these are most likely matters that you should be
20  discussing with your appeal attorney. I mean, we're beyond
21  the point here of quibbling with anybody, including your
22  defense attorney, about letters that -- and correspondence
23  and things that were said in the past.
24  THE DEFENDANT: Well, that's the whole point of
25  it. That's why I'm asking these questions; for appeal

**Page 8:**

1   purposes.
2   THE COURT: Well, all right. Hold on, Ms. Foster.
3   MS. FOSTER: If it will make matters simple, your
4   Honor, I concede that Mr. Heath sent me a lot of letters.
5   And I read every letter he sent me. Okay?
6   THE COURT: Mr. Heath, this is something you can
7   cover with your attorney on appeal.
8   THE DEFENDANT: I can't hear you.
9   THE COURT: You can cover this with your attorney
10  on appeal.
11  THE DEFENDANT: I understand all that. If you
12  would gave me a minute, she could -- if she'd have brought
13  the file with you, it probably wouldn't went through no
14  appeal. You probably would have let me have my lawyer when
15  I asked you the last time.
16  THE COURT: Well, I'm going to go ahead here with
17  sentencing, Mr. Heath.
18  As you know, you were convicted by a jury on two
19  separate cases. The Court has read everything.
20  The Court is sentencing within the guidelines.
21  You were convicted of unarmed robbery on each case and
22  impersonating a police officer on each case. In each case
23  on the unarmed robbery, it's the sentence of this Court --
24  and this sentence is well within the guidelines -- a term of
25  not less than eight nor more than 20 years, each sentence to

**Page 9:**

1   commence November 29 of the year 2011. And on impersonating
2   a police officer, it's-a-one-year high misdemeanor. The
3   Court is giving you credit for time already served on those
4   two counts. No additional time.
5   Further, in the case involving Mr. Isaacson, you
6   are required to pay as a condition of parole $500
7   restitution. In the case involving -- I believe it's
8   Mr. Gray -- $300 restitution.
9   I'll advise you, Mr. Heath, that each one of these
10  is a final sentence or judgment of the Court. You are
11  entitled to an appeal of right in each one of these cases.
12  And counsel will be provided for you at no expense to you.
13  My clerk will be, through the deputies here, be handing you
14  paperwork so you can apply for an appeal attorney on each
15  case. Thank you.
16  MR. BRAMBLE: For the record, I believe there's a
17  pending aggravated stalking case against Mr. Heath. With
18  this sentence, I think I'll probably go ahead and send a
19  nolle pros to the Court.
20  THE COURT: I'll look for that. Thank you.
21  THE DEFENDANT: What's the sentencing?
22  THE COURT: Eight to 20 on each unarmed robbery
23  and credit for time served on each impersonating --
24  THE DEFENDANT: Can I state -- so you're denying
25  me to questioning the attorney on --

```
1    THE COURT:  That's something you can take up with
2  your appeal attorney.
3              THE DEFENDANT:  Okay.
4                        --oo0Ooo--
```

                                10

---

OFFICIAL REPORTER'S CERTIFICATE

STATE OF MICHIGAN    )
                     ) SS
COUNTY OF KENT       )

        I, Leslie Rydahl, Court Reporter in and for the Circuit Court for the County of Kent, State of Michigan, do hereby certify that I reported stenographically the proceedings held in the above-entitled cause before the Honorable GEORGE S. BUTH on May 16, 2012; and do further certify that the foregoing transcript is a true and correct transcript of my stenographic notes of said proceedings so reported and transcribed by me.

                                    _[signature]_
                              Leslie L. Rydahl CSR 4078
                              Official Court Reporter

Dated:   9-14-12
        Grand Rapids, Michigan

                                11