Approved, SCAO

Original - Court
1st copy - Prosecutor
2nd copy - Defendant
3rd copy - Defendant attorney

| STATE OF MICHIGAN JUDICIAL CIRCUIT COUNTY | MOTION FOR RELIEF FROM JUDGMENT | CASE NO. 1111911-FH 1111910-FH |
|---|---|---|

ORI MI-

Court address

Court telephone no.

THE PEOPLE OF THE STATE OF MICHIGAN v

Defendant name, address, and inmate no.
Kelvin Wayne Heath

To be completed by the court.

| CTN/TCN | SID | DOB |
|---|---|---|

**INSTRUCTIONS:** Answer each question as completely as you can. If you need more space to answer any question, you may attach extra pages. You may also attach documents, affidavits, or a brief, if you wish. Only one motion for relief may be filed, except as indicated in MCR 6.502(G)(2). Information for items 1 and 2 is on both your judgment of sentence and basic information sheet, which are available at the prison record office.

1. I was found guilty on __3-29-12__ of the crime(s) stated below.

| Count | CONVICTED BY Plea* | Court | Jury | DISMISSED BY* | CRIME | CHARGE CODE(S) MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | | | ✓ | | Unarmed Robbery | 750.530 |
| | | | ✓ | | Unarmed Robbery | 750.530 |
| | | | ✓ | | Impersonation of a Public Officer | 750.215 |
| | | | ✓ | | Habitual offender | 769.12 |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill. For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

2. I was sentenced as stated below by Hon. __George Buth__
Name of judge

| Count | SENTENCE DATE | MINIMUM Years | Mos. | Days | MAXIMUM Years | Mos. | DATE SENTENCE BEGINS | JAIL CREDIT Mos. | Days | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| Both | 5-16-12 | 8 | | | 20 | | | | 148 | |

3. Fill in the charts below with the information requested about the court proceedings in your case and the names of the attorneys who represented you.

a. **Trial Level - All Proceedings.** From arrest to sentencing, including lineups and other proceedings.

| NAME OF PROCEEDING | NAME OF ATTORNEY | NAME OF PROCEEDING | NAME OF ATTORNEY |
|---|---|---|---|
| Pre-lem | Valarie Foster | | |
| Trial | Valarie Foster | | |

b. **Postconviction - All Proceedings.** State and federal, including appeals, posttrial motions, and habeas petitions.

| COURT | DOCKET NO. | NAME OF PROCEEDING | NAME OF ATTORNEY | RESULT | DATE OF RESULT |
|---|---|---|---|---|---|
| Court of Appeals | 310897 | Appeal Direct | Daniel Bremer | Affirmed | 8-20-13 |
| Supreme Court | 147713 | Leave to Appeal | Self | Not Persuaded | 12-23-13 |
| U.S. District Court of Michigan | Pending | Habeas Corpus | Self | depends on Both actions | |

(Continued on the other side.)

CC 257 (3/10) MOTION FOR RELIEF FROM JUDGMENT

MCR 6.502, MCR 6.503

4. **Appointment of Counsel.** Do you want an attorney appointed? ☑ Yes  ☐ No  If yes, complete and attach a financial schedule.

5. **Grounds and Relief.**

   a. What action do you want the court to take? Re-examine my case, vacate in part, and new trial in part, do to inadequate conviction. And less than sufficient representation. or time commutation. Any of relief I may be entitled to.

   b. What are the legal grounds for the relief you want? You **must** raise **all** the issues you know about. You may not be allowed to raise additional issues in the future. Use extra sheets of paper, if necessary.

ISSUE ONE: Inadmissable testimony from Pre-lem violation Fourteenth Amendment confrontation clause - (sixth Amend. violation) Sixth Amendment violations

Supporting facts: witness never showed for trial, my triers of fact never was allowed opportunity to gage witness/victim. Prosecutor purposely did not use due diligence

ISSUE TWO: Point variables wrongfully added violation of U.S.S.G

Supporting facts: There was no vulnerability to warrant scoring, there was no known fact of victims abilities. as to P.V. 10, - No interference on P.V. 19 should be reduced to 30 from 55

ISSUE THREE: Ineffective Counsel 6th Amend violation

Supporting facts: Total indifference toward me because I would not plead out, Failed to → (never met with me other than 3, plea's at court appearances)(I asked for new counsel you refused me.) → notice point variable mistakes, Failed to subpeona my witness as I suggested, never discussed strategy

ISSUE FOUR: Prosecutor misconduct

Supporting facts: Prosecution willfully and purposefully used one witness testimony to enhance another witness live testimony to get conviction, knowing he had problem witness never used uniform act to secure (witness)(victim) as a result I was wrongly convicted.

I declare that the statements above are true to the best of my information, knowledge, and belief.

1-30-14
Date

Kelvin Heath
Signature

**PROOF OF SERVICE**

I certify that on this date I served a copy of this motion upon the prosecutor by ☐ personal service. ☑ first-class mail.

1-30-14
Date

Kelvin Heath
Signature

Extra Page

Please take notice that included with Motion for Relief from Judgment, is 2, copies of paperwork I would like the Court to entertain while deciding above mentioned

① Is copy of letter recieved from trial attorney Valerie Foster after guilty verdict and sentencing, I never knew this nor is it part of court records...?

② Is copy of Prosecutor's brief Please read take notice of the 2, sentences with stars.

Newberry Corr. Fac.
13747 E. County Road 428
Newberry MI
49868

Kelvin Heath
1-28-14
Kelvin Heath #199603

If you may recall, the original plea offer was two counts of Larceny from a Person and a dismissal of all other counts and the Aggravated Stalking charge. Had you taken the deal, your guidelines would have could have scored as low as 14-29 months on the minimum, a sentence range with which the judge would have complied. You conviction guidelines are now 50-200 on the minimum as a Supp 4 and a max of up to life. I know that you and your surrogates have already begun a campaign of shifting blame onto me. It is the predictable scenario of "when all else fails, blame the defense lawyer," as evidenced by the barrage of calls that Judge Buth's staff received from your mother and sister the day **after** your disastrous testimony, (I assume at your request since neither had been to court to witness what was really unfolding) but I am secure in the knowledge that my representation was dutiful and effective.

Sincerely,

Valerie A. Foster, Esq.
VAF/

## COUNTER-STATEMENT OF QUESTIONS PRESENTED

I. DEFENSE COUNSEL DID NOT OBJECT TO THE ADMISSION OF A WITNESS'S PRIOR TESTIMONY UNTIL AFTER THE PROSECUTION HAD RESTED ITS CASE. INSTEAD, COUNSEL PLAYED AN ACTIVE ROLE IN THE INTRODUCTION OF THE TESTIMONY AND STATED THAT SHE HAD NO OBJECTION TO EXHIBITS ADMITTED DURING THAT TESTIMONY. DO THESE ACTIONS CONSTITUTE WAIVER OF THIS ISSUE?

> ✱ The Trial Court was not presented with this question. ✱
> Defendant-Appellant answers, "No."
> Plaintiff-Appellee answers, "Yes."

II. DEFENDANT USED AN ADVERTISEMENT TO LURE POTENTIAL VICTIMS TO AN APARTMENT COMPLEX FOR WHAT THEY BELIEVED WOULD BE A SENSUAL MASSAGE AND THEN, BY IMPERSONATING A POLICE OFFICER, USED THAT FALSE AUTHORITY TO ROB THEM. DURING THE INVESTIGATION, DEFENDANT PROVIDED FALSE INFORMATION TO THE POLICE. DID THIS PRE-OFFENSE CONDUCT AND USE OF AUTHORITY CONSTITUTE PREDATORY CONDUCT SUPPORTING THE SCORING OF OV 10 AT 15 POINTS, AND DID DEFENDANT'S FALSE INFORMATION TO POLICE SUPPORT A SCORING OF OV 19 AT 10 POINTS?

> ✱ The Trial Court was not presented with this question. ✱
> Defendant-Appellant answers, "No."
> Plaintiff-Appellee answers, "Yes."

III. DEFENDANT'S TRIAL COUNSEL MOVED THE COURT FOR A REDUCTION OF BOND, OBJECTION TO THE CONSOLIDATION AT TRIAL OF THE TWO CASES, MOVED FOR A DIRECTED VERDICT, EXTENSIVELY CROSS-EXAMINED THE WITNESSES, AND MADE WHAT CLOSING ARGUMENT SHE COULD GIVEN THE EVIDENCE AGAINST DEFENDANT. HAS DEFENDANT FAILED TO DEMONSTRATE ANY INEFFECTIVE ASSISTANCE OF COUNSEL?

> The Trial Court answered, "Yes."
> Defendant-Appellant answers, "No."
> Plaintiff-Appellee answers, "Yes."