STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF MICHIGAN, | CASE NO. 11-11910-FH<br>11-11911-FH |
| Plaintiff, | |
| v | HONORABLE<br>GEORGE S. BUTH |
| KELVIN WAYNE HEATH, | ORDER |
| Defendant. | |

RCV'D & FILED

JUDGE BUTH
17 CIRCUIT COURT

## ORDER

At this session of Court held March 17, 2014
at the Kent County Courthouse, Grand Rapids, Michigan.

This matter is before the Court on defendant's motion for relief from judgment pursuant to MCR 6.502 and request for appointment of counsel. The Court, having reviewed defendant's motion with attachments, the court file including transcripts of the jury trial, defendant's sentencing, the Court of Appeals' opinion and relevant law, finds:

1. On March 29, 2012 defendant was convicted by a jury of unarmed robbery and impersonating a police officer in each of the above-referenced cases. On May 16, 2012 defendant was sentenced to a term of not less than eight nor more than 20 years on the unarmed robbery convictions and for time served on the impersonating an officer convictions. The sentences were to be served concurrently;

2. On August 20, 2013, the Court of Appeals affirmed this conviction in a four page unpublished opinion. On December 23, 2013 the Supreme Court denied defendant's application for leave to appeal;

3. In this motion for relief from judgment, defendant raises claims of violation of his Sixth Amendment right to confront witnesses against him; ineffective assistance of trial counsel for failing to object to improper scoring of offense variable ("OV") 10 and OV 19; ineffective assistance of trial counsel for failing to subpoena witnesses as suggested and discuss trial

strategy; and prosecutorial misconduct for intentionally offering preliminary examination testimony rather than live testimony to avoid the live testimony of a "problem" witness;

    4. The post-conviction remedy provided by MCR 6.500 *et seq.* should be regarded as extraordinary. *People v Reed*, 449 Mich 375, 388; 535 NW2d 496 (1995). By design, these rules encourage raising legal issues on initial appeal rather than in post-conviction review. The *Reed* Court cited the wisdom expressed by the United States Supreme Court in *Reed v Ross*, 468 US 1, 10 (1984):

> "[A rule which is designed to afford] the opportunity to resolve the issue shortly after trial, while evidence is still available both to assess the defendant's claim and to retry the defendant effectively if he prevails in his appeal . . . promotes not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions."

*People v Reed, supra* at 389. MCR 6.508 was adopted to insure that the finality of criminal judgments was not diminished. *Id.* Defendant has the burden of establishing entitlement to the relief requested. *People v Carpentier*, 446 Mich 19; 521 NW2d 195 (1994);

    5. This Court may not grant relief when a defendant's motion alleges grounds for relief which were decided against the defendant in a prior appeal unless defendant establishes that a retroactive change in the law has undermined the prior decision or "alleges grounds for relief . . . which could have been raised" but were not in a prior appeal, "unless the defendant demonstrates . . . good cause for failure to raise such grounds on appeal . . . and . . . actual prejudice from the alleged irregularities that support the claim for relief." MCR 6.508(D)(2) and (D)(3)(a) and (b). In a conviction following a trial, to demonstrate "actual prejudice" defendant must show that but for the alleged irregularities, "defendant would have had a reasonably likely chance of acquittal." MCR 6.508(D)(3)(b)(i);

    6. The Court of Appeals' August 20, 2013 opinion specifically evaluated defendant's claim that his Sixth Amendment right to confront witnesses was violated and found that because the "record was not fully developed", it could not conclude that it was plain error to admit the preliminary examination testimony and, even if it was plain error and the error prejudiced Heath's trial, reversal would not be warranted. The Court of Appeals next carefully examined the alleged improper scoring of offense variable ("OV") 10 and OV 19 and determined that the Court had not erred with respect to scoring either variable. The Court of Appeals similarly concluded that although defendant had argued in his Standard 4 brief that he was denied effective assistance of counsel, his failure to provide factual and legal support amounted "to nothing more than a declaration of Heath's position", noting that he had thus abandoned this claim of error on appeal. The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals as to that issue where the facts have not materially changed. *People v Fisher*, 449 Mich 441, 444–445; 537 NW2d 577 (1995). Although submitted to the Supreme Court for consideration, the Supreme Court denied leave. The law of the case doctrine precludes further consideration of these issues. Defendant has failed to establish that a retroactive change has undermined the decision of the Court of Appeals;

7. Because it is unclear whether the claims of ineffective assistance of trial counsel, for failing to subpoena suggested witness and to discuss trial strategy, and prosecutorial misconduct were raised in the appellate court, this Court will address their merits. Defendant does not contend that these issues are based on a change in the law or newly discovered information.[1] The claims raised by defendant in this motion could have been raised in defendant's direct appeal and thus defendant must demonstrate good cause for failing to raise these claims earlier and that but for these errors, he would have had a reasonably likely chance of acquittal. Claims of ineffective assistance of counsel require an evaluation of the underlying alleged substantive errors;

8. To succeed on a claim of ineffective assistance of counsel, defendant bears the "heavy burden" of showing that, but for an error by counsel, the result of the proceedings would have been different, and that the proceedings were fundamentally unfair or unreliable. *People v Petri*, 279 Mich App 407; 760 NW2d 882 (2008). Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. Trial counsel is given wide discretion in matters of trial strategy, including the witnesses to be called. Defendant has not demonstrated good cause for failing to raise and/or fully support the ineffective assistance of counsel claims presented in this motion in his direct appeal. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Petri, supra*. As noted above, the Court of Appeals concluded that the offenses variables were properly scored. Failing to advance a meritless argument with respect to the scoring of OV 10 and OV 19 does not constitute ineffective assistance of counsel. Defendant has failed to show that but for the actions of trial counsel, he would have had a reasonable probability of being acquitted;

9. Defendant also asserts that the prosecution "willfully and purposefully" used the preliminary examination testimony to enhance the testimony of a live witness. The role and responsibility of a prosecutor differs from that of other attorneys: his duty is to seek justice and not merely to convict. *People v Jones*, 468 Mich. 345, 354; 662 NW2d 376 (2003); *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *Dobek, supra*, at 63. When there is neither a contemporaneous objection nor a request for a curative instruction, review of alleged prosecutorial misconduct is limited to ascertaining whether there was outcome-determinative, plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NE2d 130 (1999); *People v Unger*, 278 Mich App 210; 749 NW2d 272 (2008). See also *People v Green*, 2011 WL 520181 (Mich App). Relief is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of judicial proceedings. *Unger, supra* at 235. As discussed above, the Court of Appeals considered the admission of the preliminary examination testimony, stating

> we cannot conclude that it was plain error to admit Isaacson's preliminary examination testimony.

---

[1] Attached to defendant's motion for relief from judgment were copies of a letter from his trial counsel sent after trial but before sentencing and the counter-statement of questions presented filed by the prosecution in the Court of Appeals. Neither document constitutes newly discovered information.

> Even if we were to conclude that the trial court plainly erred and the error prejudiced Heath's trial, this Court would nevertheless have to determine whether to exercise its discretion to grant relief. *Carines*, 460 Mich at 763. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* (quotation marks and citation omitted). Because Heath is not actually innocent and because any error does not—on this record—undermine the fairness, integrity or public reputation of judicial proceedings, Heath would not be entitled to the requested relief. *Id.*

*People v Heath*, 2013 WL 4436862 (Mich App). Defendant has failed to establish that he is entitled to the requested relief;

11. Defendant has failed to show good cause for failing to raise the issues contained in this motion in his direct appeal. Defendant has failed to demonstrate a significant possibility that he is innocent which would allow the Court to waive the good cause requirement of MCR 6.508(D)(3)(a). None of the issues raised are based on a change in the law or newly discovered information; and

15. Defendant requested appointment of counsel to assist him with the filing of his motion for relief for judgment. At all critical times, defendant was represented by a court-appointed attorney. Both the United States Supreme Court and the Michigan Supreme Court require appointment of appellate counsel for indigent defendants for first-tier appellate review in the Michigan Court of Appeals. Neither, however, requires appointment of counsel for further reviews or action.

Based on the above,

**IT IS ORDERED** that defendant's motion for relief from judgment pursuant to MCR 6.502 and request for appointment of counsel is hereby DENIED.

**IT IS SO ORDERED.**

George S. Buth
Circuit Court Judge

4