Petitioner's Reply Brief in Support of Petition for Writ of Habeas Corpus

# UNITED STATES DISTRICT COURT
## For the Western District of Michigan
### Northern Division

Kelvin Heath

    Petitioner,

vs.

Mitch Perry,

    Respondent.

Attorney General
Attorney For Respondent

Pro se

Case No. 2:14-cv-123
HON. R. ALLAN EDGAR

MAG. TIMOTHY P. GREELEY

FILED - MQ
May 1, 2015 10:28 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc/ Scanned by /15

## Reply Brief In Support of Petition for Writ of Habeas Corpus

In Pro se
Kelvin Heath #199603
Cooper Street Corr. Fac.
3100 cooper St.
Jackson, MI 49201
Ph# 616-262-2129

# Table of Contents
Table of Authorities..........

Statement of Facts..........

# Table of Authorities

Bruton v. U.S., 391 U.S. 123 (1968)

Chapman v. California, 386 U.S. 18 (1967)

Ferdik v. Bonzelet 963 F2d 1260

Cosby v. Meadors 351 F3d 1324

Marino v. Vasquaz 812 F2d 499

Thomas v. New Jersey 472 F2d 735

The petitioner Kelvin Heath relies on the statement of facts found in the Memorandum of Law that accompanied his Petition For Writ of Habeas Corpus.

## Argument

First Petitioner Heath would like to reinterate his letter to the Honorable court dated 4-6-15 Respondent shall be held accountable for failing to comply to court order dated Oct. 1 2014, being sorry and making inadvertent errors should not excuse Respondent of meeting Fed. compliance. As result Petitioner ask that sorry and inadvertent behavior be constituted as a waiver of defenses as this Honorable court gave notice as to... Petitioner further says Respondent basis its denial of habeas corpus on faulty trial records, yet state uses said records as its foundation of argument? respondent also admits records are ambiguous. It further admits that state courts as well as Attorney General Office are not in a position to evaluate trial court record (page 5, of response brief) so why is there no conceding in stead of wasting time, money, and life of petitioner. There is no mixed Law or Fact = A Law works the same way everytime, and facts need no support of truth for it is truth. Petitioner Heath argues that the trial court violated his confrontation clause rights by admitting witness/victim Isaacson pre-lem testimony as evidence of guilt. This testimony was re-enacted by a Police Officer. The Respondent's answer does not contest that trial court did in fact commit a

Bruton error. See Bruton v. U.S. 391 U.S. 123 1968 Petitioner Heath will not burden this Honorable court with lenthy reply as to whether the court of appeals did or did not apply chapman. Chapman v. California 386 U.S. 18, (1967.) The court of appeals opinion speaks for itself. While there are fleeting references in the opinion to the right to confrontation, nowhere is there any acknowledgement that trial court violated Bruton and its progeny, and nowhere is there any mention of the "harmless beyond a reasonable doubt test" from chapman. That the Court of appeals believed the error was simply one of State hearsay law is further by the fact that the opinion holds that Mr. Isaacson's pre-lem testimony were properly admitted as substantive evidence against Petitioner Heath under the statement against penal interest hearsay exception. It is clear, therefore, that the Court of appeals did not apply chapman. Sixth Circuit has held that unexplained, unreasonable, decisions made by trial courts, and state appellate courts, demonstrating that state court did not decide the constitutional issue on the merits, demonstrating that state courts erroneously applied its own procedural rule. Thus state court did not decide the constitutional issue on the merits, petitioner further states cause to excuse procedural default on strenth of my trial attorney not objecting to preleminary statement being read to Jury, this impeded Petitioner to comply with the state procedure rule. Trial judge would not allow me to speak. Judge told me thats what I have an attorney for. As a result my trial attorney was ineffective for failing to comply with a state procedural rule, coupled with manifested injustice.

## Relief Requested

For reasons stated Petitioner Kelvin Heath respectfully asks that this Court grant the Petition for Writ of Habeas Corpus. And Personel recognizance bond, and all other relief this Honorable Court see petitioner is entitled to.

Respectfully submitted
By Kelvin Heath
Pro se
Cooper St. Corr. Fac.
3100 Cooper St.
Jackson MI 49201

4-28-15