FILED - MQ
August 21, 2015 10:31 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc/ Scanned by

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

KELVIN HEATH,
Petitioner,

v.

MITCH PERRY,
Respondent,
_____/

Civil Case No: 2:14-cv-123
HON. R. ALLAN EDGAR

MAG. TIMOTHY P. GREELEY

## PETITIONER'S PRO PER MOTION

## TO SUPPLEMENT PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Kelvin Heath, acting as his own attorney, in propria persona, asks that this Honorable court allow him to supplement his Petition for Writ of Habeas Corpus. In support of this Motion Petitioner states;

1. That Petitioner Kelvin Heath has previously filed, and has pending in this Court.

2. That recently the Michigan Supreme Court ruled in People v. Lockridge, 2015 Mich App LEXIS 1774, that the Michigan Sentencing Guidelines violates the Sixth Amendment.

3. The Lockridge ruling was an extension of Alleyne v. United States, 133 Sct 2151 (2013), which itself is an extension of Apprendi v. New Jersey, 120 Sct 2348 (2000).

4. Petitioner's case was pending on direct appeal when Alleyne was decided by the United States Supreme Court in 2013. Where a petitioner's conviction was not finalized, but was pending on direct appeal when a new rule became law, the petitioner meets the exception for a him to receive the benefit of a new Supreme Court rule. Schirro v. SUmmerlin, 124 Sct 2504 (2004).

5. Petitioner now requests this Court's permission to supplement his Petition for Writ of Habeas Corpus. The recent ruling in People v. Lockridge, 2015 Mich App LEXIS 1774 was decided after Petitioner filed his Petition for Writ of Habeas Corpus, but it is dirctly related to the sentencing issue presented in Petitioner's Petition. As stated in Lockridge, Lockridge extends both Alleyne, and Apprendi to current cases in the state of Michigan thus invalidating the entire sentencing scheme employed by the State of Michigan since January 1,1999. (See Brief in Support of Motion to Supplement).

6. Rule 15 of the Rules of Civil Procedure states;
15(2)(d) Supplemental Pleadings. On a motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the leading to be supplemented. The court may permit suplementation even though the original pleading is defective in stating a claim or defense. The court may order the opposing party to lead to the supplemental pleading within a specified time. See Dearborn Tree Service v. Grays Outdoor Services LLC., 2015 US DIST. LEXIS 94307.

7. The rules of civil procedure apply to habeas petitions.

8. A motion to supplement a petition may be granted only if the amended and supplemented claims rise out of a common core of operative facts. See Nagle v. Felix, 545 US 644 (2005).

9. Although not per se raised as an independent issue, Petitioner did presente a claim of constitutional violation in sentencing on page 14 of his Memorandum of Law in Support of

Petition for Writ of Habeas Corpus. Thus Petitioner meets the requirement of "common core" for permission to supplement his pleading.

### RELIEF REQUESTED

For these reasons, Petitioner Kelvin Heath asks that this Court grant him permission to supplement his Petition for Writ of Habeas Corpus.

Respectfully submitted,

/s/ Kelvin Heath

Kelvin Heath #199603
In Propria Persona
3100 Cooper St.
Jackson, Mi 49201

Dated:_____