FILED - MQ
August 21, 2015 10:31 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc/   Scanned by

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

KELVIN HEATH,
Petitioner,

v.

MITCH PERRY,
Respondent,

Civil Case No: 2:14-cv-123
HON. R. ALLAN EDGAR

MAG. TIMOTHY P. GREELEY

PETITIONER'S PRO PER MEMORANDUM OF LAW
IN SUPPORT OF SUPPLEMENT TO PETITION
FOR WRIT OF HABEAS CORPUS

Submitted by:
Kelvin Heath #199603
In Propria Persona
3100 Cooper St.
Jackson, Mi 49201

## PETITIONER IS ENTITLED TO RESENTENCING WHERE SENTENCING GUIDELINES VIOLATE THE SIXTH AMENDMENT

Review is for plain error. United States v. Crosby, 397 F3d 103,117-118 (CA2, 2005); People v. Lockridge, 2015 Mich App LEXIS 1774.

### FACTS

Petitioner Kelvin Heath was scored 15 points for OV 10, Exploitation of a Vulnerable Victim; 25 points for OV 13, Continuing Pattern of Criminal Behavior; and 10 points for OV 19, Threat to the Security of a Penal Institution or Court or Interference With the administration of Justice. On May 16,2012, Petitioner was sentenced to concurrent terms of 8 to 20 years. Petitioner was sentenced as a Habitual 4th Offender.

### DISCUSSION

Recently, the Michigan Supreme Court found in People v. Lockridge, 2015 Mich App LEXIS 1774, that sentences under the Michigan Sentencing Guidelines were unconstitutional and violated the Sixth Amendment. The Sixth Amendment provides that;
"In all criminal prosecution, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation..." US Const Am VI.

The Lockridge Court was asked the question "Whether the procedure involved in setting a mandatory minimum sentence infringes a defendant's Sixth Amendment right to a jury trial." The Court held that the key to this inquiry is whether the pertinent facts must

be found are an element of the offense or a mere sentencing factor. See e.g. Jones v. United States, 526 US 227,232 (1999)(Much turns on the determination that a fact is an element of offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the government beyond a reasonable doubt).

In Lockridge, the defendant argued Alleyne v. United States, 133 Sct 2151 (2013), extended the rule of Apprendi v. New Jersey, 120 Sct 2348 (2000), from statutory maximum sentences to statutory minimum sentences. The Court held that it does. The Michigan Supreme Court held that;

"From Apprendi and its progeny, including Alleyne, we believe the following test provides inquiry for whether the scheme of mandatory minimum sentencing violates the Sixth Amendment: Does that scheme constrain the discretion of the sentencing court by compelling an increase in the mandatory minimum sentence beyond that authorized by the jury's verdict alone? Michigan's sentencing guidelines do so to the extent that the floor of the guidelines range compels a trial judge to impose a mandatory minimum sentence beyond that authorized by the jury verdict. Stated differently, to the extent that OV's scored on the basis of facts not admitted by the defendant or necessarily found by the jury increase the floor of the guidelines range, i.e. the defendant's mandatory minimum sentence, that procedure violates the Sixth Amendment.

The pertinent language in Alleyne supports this conclusion. "Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's expected punishment

is to be made, we conclude that the "further sentencing proceedings" generally appropriate for pre Booker/Fanfan sentences pending on direct review will be a remand, but only for the more limited purpose of permitting the sentencing judge is to determine whether to resentence, now fully informed of the new sentencing regime., and if so to resentence.

The Michigan Supreme Court held that because Michigan's sentencing guidelines scheme allowed judges to find by a "preponderance" of the evidence facts that are used to compel an increase in the mandatory minimum punishment, a defendant receives, it violates the Sixth Amendment under Alleye, supra. Petitioner Heath meets the threshold showing necessary and is entitled to remand to the trial court for further inquiry and resentencing. Given that Lockridge is based on Alleyne, and Alleyne is based on Apprendi, Petitioner is entitled to reversal of his conviction where the sentence imposed is contrary to clearly established United States Supreme Court precendent as set forth in Alleyne and Apprendi, supra. See Williams v. Taylor, 529 US 362 (2000).

### RELIEF REQUESTED

For the reasons stated Petitioner Kelvin Heath asks that this Court issue the writ.

Respectfully submitted,

Kelvin Heath

Kelvin Heath #199603
In Propria Persona
3100 Cooper St.
Jackson, MI 49201

Dated:_____