UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KELVIN HEATH, #199603,

    Petitioner,

v.

MITCH PERRY,

    Respondent.

CASE NO. 2:14-CV-00123

HON. R. ALLAN EDGAR

MAG. TIMOTHY P. GREELEY

**Respondent's Response to Petitioner's Motion
to Supplement and Brief in Support**

### Response

Respondent, Mitch Perry, through his attorneys Bill Schuette, Attorney General for the State of Michigan, and Raina Korbakis, Assistant Attorney General, replies to Petitioner Kelvin Heath's motion to supplement his habeas petition.  Heath asks this this Court to supplement his petition with a recent Michigan Supreme Court decision concerning Michigan's legislative sentencing guidelines.  Heath claims that this decision, issued after he filed his petition, supports the sentencing issue he presented in the petition.  The State disagrees.

## Brief in Support of Response

Heath, convicted by a Kent County jury of two counts of unarmed robbery and two counts of false impersonation of a public officer,[1] was sentenced in May 2012 as a habitual offender, fourth offense, to serve concurrent prison terms of 8 to 20 years in prison for each unarmed robbery and time served for the false impersonation counts.  Heath now cites *People v. Lockridge*, No. 149073, __ N.W.2d __, 2015 WL 4562293 (Mich. July 29, 2015), decided after he filed his habeas petition, and claims that *Lockridge* is "directly related" to the sentencing issue he raised and that he is entitled to a remand to the trial court for further inquiry and resentencing.  (R 19, Mot. to Supplement, 2, Pg ID 443; R 20, Mem. of Law, 4, Pg ID 448.)

### *1. Relief is Not Warranted on Heath's Claim.*

As the outset, Heath on direct appeal argued that his sentencing guidelines, namely offense variable (OV) 10 and OV 19, were inaccurately scored.  Heath challenged scoring OV 10 at 15 points; these points are added when the defendant uses predatory conduct—defined

---

[1] Heath's convictions stemmed from two November 2011 incidents where he used advertisements to lure men to an apartment complex for what they believed would be a massage and then impersonated a police officer and robbed them.

2

as "preoffense conduct directed at a victim for the primary purpose of victimization," Mich. Comp. Laws 777.44(3)(a)—to exploit a vulnerable victim.  Heath also challenged scoring OV 19 at 10 points; these points are added if the offender interfered, or attempted to interfere, with the administration of justice.  The Michigan Court of Appeals denied relief on Heath's claims, finding that they were not preserved and that the trial court did not err in scoring OV 10 and OV 19 in the manner it did.  The State, in its previously filed answer, contends that relief on Heath's claims that OV 10 and OV 19 were wrongly scored is not warranted because those claims are procedurally defaulted, not cognizable, and without merit.

    Heath did not argue in the state courts that his sentence was increased on the basis of facts that he did not admit and that were not proved to the jury beyond a reasonable doubt.  To the extent that he makes that argument now, it is unexhausted.  While a federal court may not grant habeas relief on an unexhausted claim, 28 U.S.C. § 2254 (b)(1), it may deny relief on it.  28 U.S.C. § 2254 (b)(2).  This Court should do so here because *Lockridge* does not help Heath.

### *2. The Lockridge Decision.*

In *Lockridge*, released by the Michigan Supreme Court on July 29, 2015, the Court held that, that "to the extent that OVs [offense variables] scored on the basis of facts not admitted to by the defendant or necessarily found by the jury verdict increase the floor of the guidelines range, i.e. the defendant's 'mandatory minimum' sentence, that procedure violates the Sixth Amendment." *Lockridge*, 2015 WL 4562293, at p. 14. But, the Court said that, "although the guidelines can no longer be mandatory, they remain a highly relevant consideration in a trial court's exercise of sentencing discretion" and held that "trial courts must take them into account when sentencing." *Id.* at p. 24 (internal quotation marks and citation omitted). It also held that, as a result of the guidelines not being mandatory, a trial court that departed from the range provided by guidelines, no longer needed to articulate "substantial and compelling reasons" for doing so, but a decision to deviate would be reviewed on appeal for "reasonableness." *Id.* at 24-25.

In applying its decision to Lockridge himself, the Court reviewed the guidelines as scored. It noted that Lockridge received a total of 70 OV points and had 35 points assessed against him for prior record

variables, placing him in the D-V cell of the sentencing grid for Class C offenses. Further, Lockridge conceded that the jury verdict necessarily established the factual basis to assess 35 of the OV points, or exactly ½ of those points. The Court assumed, for the sake of argument, that the rest of the OV scores were not established by the jury's verdict or admitted to by Lockridge, thus facially violating the Sixth Amendment as they would have been used to increase Lockridge's mandatory minimum sentence. *Id.* at 25. But the Court ultimately concluded that, because Lockridge received an upward departure sentence that did not rely on the minimum sentence created in part in violation of the Sixth Amendment, Lockridge was not entitled to any relief. *Id.* at 25-26.

### 3. *Lockridge is Not Retroactive and Does Not Apply to Heath's Case.*

The Michigan Supreme Court's *Lockridge* decision is not retroactive such that it applies to Heath's case. In fact, the Michigan Supreme Court, by reference to the Second Circuit's case in *United States v. Crosby*, 397 F.3d 103, 117-118 (2d Cir. 2005), held that further sentencing proceedings would generally only be appropriate for cases "pending on direct review" on the date that the Court released *Lockridge* and, for sentences imposed *after* its release date, standard

5

principles of review (including plain-error) would apply. *Lockridge*, *supra* at 25-26. By implication, *Lockridge* would afford no relief to prisoners who had been sentenced and completed their direct appeals *before* July 29, 2015, the date the Michigan Supreme Court released *Lockridge*.

The state trial court sentenced Heath on May 16, 2012. His direct appeal concluded on December 23, 2013, when the Michigan Supreme Court denied his application for leave to appeal.

Both dates are well before the July 29, 2015 date when the Michigan Supreme Court released *Lockridge*. And, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), upon which the Michigan Supreme Court based its decision to find a federal constitutional problem with Michigan's sentencing guidelines, was also released after the state trial court sentenced Heath. As such, *Lockridge* is not applicable to Heath's case. *See Weissert v. Palmer*, No. 10-851, 2015 WL 6580149, at *7 (W.D. Mich. Sept. 25 (2015)) ("Unfortunately for Petitioner . . . *Alleyne* and *Lockridge* were decided after Petitioner's sentencing. Because the constitutional deficiency of Michigan's sentencing guidelines was not

6

'clearly established Federal law' at the time of Petitioner's sentencing . . . , Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(1).)"[2]

### *Conclusion*

Heath has failed to establish that relief is warranted on his unexhausted *Lockridge* claim.

---

[2] One federal district court has held that "until the Sixth Circuit or the Supreme Court of the United States say otherwise, this Court will continue to follow federal precedent that has held that indeterminate sentencing in Michigan does not violate the Sixth Amendment." *Davis v. Woods*, No. 12-318, 2015 WL 4656480, at *12, n. 3 (W.D. Mich. Aug. 6, 2015). This is a valid point and one this Court should consider in the event it rejects all of the above claims regarding the applicability of *Lockridge* to this case.

## **Relief Sought**

The State respectfully asks this Honorable Court to deny Heath any relief based on *Lockridge* and to deny the petition for reasons set forth in its previously filed answer.

Respectfully submitted,

BILL SCHUETTE
Attorney General

s/Raina Korbakis

Assistant Attorney General
Criminal Appellate
Division
P.O. Box 30217
Lansing, MI 48909
(517) 373-6225
korbakisr@michigan.gov
P49467

Dated:  November 6, 2015

## Certificate of Service

I certify that on November 6, 2015, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    HONORABLE R. ALLAN EDGAR

    MAGISTRATE TIMOTHY P. GREELEY

and I certify that Kassandra J. Lutz has mailed by United States Postal Service the papers to the following non-ECF participant:

    KELVIN HEATH, #199603
    MUSKEGON CORRECTIONAL FACILITY
    2400 S. SHERIDAN DRIVE
    MUSKEGON, MI 49442

    BILL SCHUETTE
    Attorney General

    <u>s/Raina Korbakis</u>

    Assistant Attorney General
    Criminal Appellate Division
    P.O. Box 30217
    Lansing, MI  48909
    (517) 373-4875
    korbakisr@michigan.gov
    P49467