NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 16-2570

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KELVIN WAYNE HEATH, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Nov 20, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MELINDA K. BRAMAN, Warden, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

O R D E R

Before:  KEITH, COOK, and THAPAR, Circuit Judges.

Kelvin Wayne Heath, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  See Fed. R. App. P. 34(a).

Heath was sentenced to eight to twenty years of imprisonment after being convicted of two counts of unarmed robbery and two counts of false impersonation of a public officer.  The Michigan Court of Appeals affirmed the convictions and sentence, and the Michigan Supreme Court denied leave to appeal.  *People v. Heath*, 840 N.W.2d 329 (Mich. 2013) (mem.); *People v. Heath*, No. 310897, 2013 WL 4436862 (Mich. Ct. App. Aug. 20, 2013) (per curiam).  Heath then filed a petition for a writ of habeas corpus, arguing that (1) his Confrontation Clause rights were violated; (2) the trial court erred in calculating various offense variables under the Michigan sentencing guidelines; (3) he received ineffective assistance of trial counsel; and (4) the

prosecutor engaged in misconduct. The district court denied the § 2254 petition and declined to issue a certificate of appealability. Heath appealed, and this court granted a certificate of appealability on his claim that his Confrontation Clause rights were violated. Specifically, the court found that while Heath's Confrontation Clause claim was procedurally defaulted, reasonable jurists could differ on whether he could show cause and prejudice for the default based on ineffective assistance of counsel.

To the extent that Heath argues that the prosecutor engaged in misconduct and that he received ineffective assistance of counsel, with respect to grounds unrelated to his Confrontation Clause argument, those claims are not properly before us because "our review is limited to 'the issues which are specified in the certificate of appealability.'" *Brown v. Romanowski*, 845 F.3d 703, 719 (6th Cir. 2017) (quoting *Searcy v. Carter*, 246 F.3d 515, 518 (6th Cir. 2001)), *cert. denied*, No. 16-1373, 2017 WL 2172483 (U.S. Oct. 2, 2017).

Heath has not demonstrated that the Michigan courts erred in finding no Confrontation Clause violation, and thus cannot demonstrate cause and prejudice for his procedurally defaulted claim. The Confrontation Clause prohibits the prosecution from substituting former testimony for live testimony unless the prosecution demonstrates that the witness is unavailable for trial. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). A witness is unavailable where the prosecution has made a good-faith effort to obtain his presence at trial and the witness testified at a previous judicial proceeding against the defendant while being subject to cross-examination. *Hamilton v. Morgan*, 474 F.3d 854, 858 (6th Cir. 2007). The extent of the efforts that the prosecution must undertake to produce a witness "is a question of reasonableness," and "[t]he ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness." *Ohio v. Roberts*, 448 U.S. 56, 74 (1980).

In this case, while rejecting Heath's motion for a mistrial, the trial court determined that Isaacson was unavailable on the basis that the prosecutor made a good faith effort to obtain Isaacson's presence by issuing a subpoena, and making numerous unanswered phone calls, and by representing that Isaacson told a victim advocate on the date of the trial that he was not going to appear. At that time, neither the victim's advocate nor the prosecutor knew of his

whereabouts. Because Heath's counsel did not contemporaneously object at the time of Isaacson's testimony, his objection to Isaacson's unavailability was procedurally defaulted. Nevertheless, in reviewing the trial court's determination for plain error on a limited record, the Michigan Court of Appeals affirmed. Heath has not identified what errors the Michigan courts made in rendering these decisions or what additional steps the prosecutor should have taken to secure Isaacson's presence. And even granting that the prosecutor might have done more to secure Isaacson's presence, it is not our role to demand more simply because, with the benefit of hindsight, we see more that the prosecutor could have done. *Hardy v. Cross*, 565 U.S. 65, 71 (2011) (per curiam) ("[W]hen a witness disappears before trial, it is always possible to think of additional steps that the prosecution might have taken to secure the witness' presence, but the Sixth Amendment does not require the prosecution to exhaust every avenue of inquiry, no matter how unpromising. And, more to the point, the deferential standard of review set out in 28 U.S.C. § 2254(d) does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken." (internal citation omitted)).

Because the Michigan courts reasonably determined that the prosecution made a good faith effort to obtain Isaacson's presence and because it is undisputed that Isaacson testified against Heath while he was subject to cross-examination at the preliminary hearing, the state courts' adjudication of Heath's confrontation claim was not contrary to, or an unreasonable application, of federal law. *See* 28 U.S.C. § 2254(d); *Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017).

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 20, 2017

Kelvin Wayne Heath
Parnall Correctional Facility
1780 E. Parnall Road
Jackson, MI 49201

Ms. Raina I. Korbakis
Office of the Attorney General
of Michigan
P.O. Box 30217
Lansing, MI 48116

Mr. John S. Pallas
Office of the Attorney General
of Michigan
P.O. Box 30217
Lansing, MI 48116

Re: Case No. 16-2570, *Kelvin Heath v. Melinda Braman*
  Originating Case No. : 2:14-cv-00123

Dear Mr. Heath and Counsel,

  The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Michelle M. Davis
Case Manager
Direct Dial No. 513-564-7025

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue